# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS DIVISION

JEFFERY L. STANTON,
as Administrator of the Estate of
Spencer Lee Crumbley, Deceased,             Civil Action No. 2:19-CV-00049-TSK

           Plaintiff,

v.

Trooper First Class Cory E. Elliott, and
Trooper First Class James J. Cornelius,
Individually as Members of the
West Virginia State Police,

           Defendants.

## AMENDED COMPLAINT

Plaintiff Jeffery L. Stanton, acting as Administrator of the Estate of Spencer Lee Crumbley, files this complaint arising out of the fatal shooting of his father, and states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343 and under this Court's authority to decide pendent state law claims.

2. Venue is proper in this Court because the defendants reside within the Northern District of West Virginia and the fatal shooting of Mr. Crumbley occurred in the Northern District of West Virginia.

### Parties

3. Jeffery L. Stanton is the son of Spencer Lee Crumbley and the duly appointed Administrator of the Estate of Spencer Lee Crumbley.

1

4. At all times relevant to this complaint, Spencer Lee Crumbley was a resident of Valley Head, an unincorporated community in Randolph County, West Virginia.

5. At all times relevant to this complaint, Jeffery L. Stanton was a resident of Valley Head, an unincorporated community in Randolph County, West Virginia.

6. Defendant Elliott is a member of the West Virginia State Police who shot and killed Spencer Lee Crumbley.

7. At all times relevant to this complaint Defendant Elliott was acting under color of state law and within the scope of his employment.

8. Defendant Elliott is sued only in his individual capacity.

9. Defendant Cornelius is a member of the West Virginia State Police who failed to intervene to prevent Defendant Elliott from shooting Spencer Lee Crumbley.

10. At all times relevant to this complaint, Defendant Cornelius was acting under color of state law and within the scope of his employment.

11. Defendant Cornelius is sued only in his individual capacity.

12. The beneficiaries of the Estate of Spencer Lee Crumbley, his son, Jeffery L. Stanton, his daughter, Ashley Crumbley Vasquez, and such others as may be within the purview of the West Virginia Wrongful Death Act, have suffered losses and are entitled to recover all damages permitted by law and within the applicable insurance coverage as a result of the wrongful death of Mr. Crumbley, including, but not limited to:

    (a) Mr. Crumbley's pain and suffering prior to death;

    (b) The beneficiaries' sorrow, mental anguish, and solace, including loss of society, companionship, comfort, guidance, kindly offices, and advice of the decedent, Spencer Lee Crumbley;

  (c) The beneficiaries' loss of services, protection, care, and assistance provided by the decedent, Spencer Lee Crumbley;

  (d) Reasonable cremation expenses; and

  (e) Any other damages recoverable under law.

## Facts

13. Prior to the filing of this complaint, Plaintiff Stanton complied with W.Va. Code §55-17-3 by sending a certified letter to Attorney General Patrick Morrisey and West Virginia State Police Superintendent Colonel J.L. Cahill on October 31, 2019.

14. Pursuant to W.Va. §55-17-3, a copy of this Complaint will be mailed to Attorney General Patrick Morrisey after it is filed.

15. Defendants are sued up to the limits of the insurance policy which provides liability coverage for their actions and inactions.

16. On December 17, 2017, the defendant officers came to the property on Cemetery Road in Valley Head, West Virginia where Spencer Lee Crumbley resided in response to reports of a domestic dispute.

17. The area where this shooting occurred was not heavily populated or crowded with citizens.

18. At the time of the shooting, Mr. Crumbley was 52 years of age and disabled with a bad back.

19. When the defendant officers encountered Mr. Crumbley, the decedent was on foot and did not have a firearm.

20. Defendants Elliott and Cornelius, however, were armed with .45 caliber Smith & Wesson handguns.

21. Defendant Elliott repeatedly shot Mr. Crumbley, at close range, directly and proximately causing Mr. Crumbley's death.

22. Upon information and belief, one bullet struck Mr. Crumbley in the hand, while a second bullet struck him in the back or side, perforating his lung and liver.

23. Upon information and belief Defendant Cornelius failed to intervene and prevent Defendant Elliott from fatally shooting Spencer Lee Crumbley.

24. According to his death certificate, Mr. Crumbley died from "gunshot wound of back, perforating to lung."

25. Upon information and belief, the defendants did not attempt to use non-lethal force or weapons, such as Tasers or pepper spray, before fatally shooting Mr. Crumbley.

26. Upon information and belief, the defendants did not warn Mr. Crumbley that they were going to shoot, or that they would shoot him unless he did or did not do certain things.

27. Mr. Crumbley's daughter. Ashley Vesquez, and two minor grandchildren, James and Jebbediah Vesquez, were present and witnessed the shooting of Mr. Crumbley, the dragging of his body across the ground from the spot where he was shot to the ambulance, and an ambulance worker saying that Mr. Crumbley "didn't make it." Jeffery L. Stanton and Ashley Vesquez also saw their father's body at the funeral home subsequent to the autopsy.

## Count I—Excessive Force Under 42 U.S.C. §1983

28. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint as though fully set forth herein.

29. Defendants, while acting under color of state law, violated Mr. Crumbley's constitutional rights by using excessive, unnecessary and unlawful force during their investigation of a reported domestic dispute, and attempted apprehension of Mr. Crumbley, resulting in his death.

30. The actions of the Defendants violated the constitutional rights guaranteed to Spencer Lee Crumbley under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

31. The actions of Defendants were not taken in good faith and were in violation of clearly established law.

32. The fatal shooting of Spencer Lee Crumbley was unlawful, unreasonable, and unjustified because he was unarmed and posed no immediate threat to the safety of Defendants or anyone else when he was shot in the back.

33. Defendant Cornelius also violated the constitutional rights of Mr. Crumbley by failing to intervene and prevent Defendant Elliott from using excessive and unlawful force against the deceased.

34. Mr. Crumbley died as a direct and proximate result of the unlawful actions and/or inactions of the Defendants.

35. The beneficiaries of the Estate of Spencer Lee Crumbley, his son, Jeffery L. Stanton, his daughter, Ashley Crumbley Vesquez, and such others as may be within the purview of the West Virginia Wrongful Death Act, have suffered losses and are entitled to recover all damages permitted by law and within the applicable insurance coverage as a result of the wrongful death of Mr. Crumbley, including, but not limited to:

   (a) Mr. Crumbley's pain and suffering prior to death;
   (b) The beneficiaries' sorrow, mental anguish, and solace, including loss of society, companionship, comfort, guidance, kindly offices, and advice of the decedent, Spencer Lee Crumbley;

    (c) The beneficiaries' loss of services, protection, care, and assistance provided by the decedent, Spencer Lee Crumbley;

    (d) Reasonable cremation expenses; and

    (e) Any other damages recoverable under law.

36. In addition to compensatory damages for the wrongful death of Mr. Crumbley, plaintiff seeks to recover attorney fees and costs under 42 U.S.C. §1983.

37. The actions of Defendants were reprehensible, willful and wanton, malicious, and in intentional disregard of Mr. Crumbley's rights, thereby justifying an award of punitive damages, to the extent such damages are recoverable under Defendants' insurance policy.

### Count II—State Constitutional Violations

38. Plaintiff Stanton incorporates by reference the allegations made in the preceding paragraphs of this complaint as though fully set forth herein.

39. Defendants, while acting under color of state law, violated Mr. Crumbley's constitutional rights by using excessive and unlawful force during the investigation of a domestic dispute and attempted apprehension of Mr. Crumbley.

40. Count II alleges a constitutional tort under the West Virginia Constitution, pursuant to the common law of West Virginia, and is not filed pursuant to 42 U.S.C. §1983 or any other related federal statute.

41. The actions of the Defendants violated the constitutional rights guaranteed to Mr. Crumbley under Article III, Sections 1, 5, 6, and 10 of the West Virginia Constitution.

42. The actions of Defendants also violated the constitutional rights guaranteed to Plaintiff under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

43. The actions of Defendants were not taken in good faith and were in violation of clearly established law.

44. Defendants' use of lethal force was unlawful, unreasonable, and unjustified because Mr. Crumbley was unarmed and posed no immediate threat to their safety, or the safety of anyone else.

45. Defendant Cornelius also violated Mr. Crumbley's constitutional rights by failing to intervene and prevent Defendant from using excessive and unlawful force against Mr. Crumbley.

46. Mr. Crumbley died as a direct and proximate result of the unlawful actions and/or inactions of the Defendants.

47. The actions of Defendants were reprehensible, willful and wanton, malicious, and in intentional disregard of Mr. Crumbley's rights, thereby justifying an award of punitive damages, to the extent such damages are recoverable under Defendants' insurance policy.

### Count III—Battery

48. Plaintiff Stanton incorporates by reference the allegations made in the preceding paragraphs of this complaint as though fully set forth herein.

49. Defendants committed battery upon the late Mr. Crumbley, directly and proximately causing his death.

50. The actions of Defendants were reprehensible, willful and wanton, malicious, and in intentional disregard of Mr. Crumbley's rights, thereby justifying an award of punitive damages, to the extent such damages are recoverable under Defendants' insurance policy.

### Count IV—Negligence and/or Recklessness

51. Plaintiff Stanton incorporates by reference the allegations made in the preceding paragraphs of this complaint as though fully set forth herein.

52.     At all times relevant to this complaint, Defendants owed a duty of reasonable care to Mr. Crumbley.

53.     Defendants, while acting within the scope of their employment, breached their duty of due care to Mr. Crumbley.

54.     Mr. Crumbley died as a direct and proximate result of the Defendants' breach of their duty of due care.

55.     The actions of Defendants were reprehensible, willful and wanton, malicious, and in intentional disregard of Mr. Crumbley's rights, thereby justifying an award of punitive damages, to the extent such damages are recoverable under Defendants' insurance policy.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Stanton demands judgement for compensatory damages in excess of the jurisdictional requirements of this Court, together with pre- and post-judgment interest, punitive damages in an amount sufficient to punish and deter, attorney fees under 42 U.S.C. §1983, costs, and such other relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

>  Jeffery L. Stanton, as Administrator of
>  Estate of Spencer Lee Crumbley
>  By Counsel
>
>  /s/James A. McKowen
>  James A. McKowen, Esquire WVSB #2481
>  James F. Humphreys & Associates, L.C.
>  112 Capitol Street, Second Floor
>  Charleston, West Virginia 25301
>  (304) 347-5050
>  Facsimile (304) 347-5055
>  jmckowen@jfhumphreys.com