IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

**JEFFREY L. STANTON,**
**as Administrator of the Estate of**
**Spencer Lee Crumbley, Deceased,**          **Civil Action No. 2:19-CV-49**
                                             **Judge Thomas S. Kleeh**

      **Plaintiff,**

v.

**CORY E. ELLIOTT,**

      **Defendant.**

### REPORT AND RECOMMENDATION, RECOMMENDING THAT THE COURT ENTER AN ORDER GRANTING THE PETITOIN [ECF NO. 72] AND APPROVING SETTLEMENT OF WRONGFUL DEATH CLAIM

    This matter is before the undersigned Magistrate Judge pursuant to a Referral Order [ECF No. 73] entered on April 20, 2023. Pursuant to the Referral Order, Judge Kleeh directed the undersigned to provide a report and recommendation concerning Plaintiff's Petition to Approve Settlement of Wrongful Death Claim ("the Petition"). [ECF No. 72]. After convening a Status Conference on May 1, 2023, the undersigned scheduled a hearing on the Petition for August 4, 2023.

    On August 4, 2023, came Plaintiff/Petitioner, Jeffrey L. Stanton, Administrator of the Estate of Spencer Lee Crumbley ("Estate"), by and through counsel Travis A. Prince of Bailey & Glasser, LLP, for hearing on the Petition. Also appearing was Defendant Cory E. Elliott, by counsel Michael D. Mullins, of Steptoe & Johnson. Whereupon the undersigned considered the Petition, the heirs' testimony, and the representations of counsel, and **FINDS** and concludes that

1

the proposed settlement is fair, reasonable, and just.

WHEREFORE, based upon the foregoing, the undersigned makes the following findings of fact and conclusions of law:

1. This matter arises out of the death of Spencer Lee Crumbley on December 17, 2017.[1]

2. The Clerk of the County Commission of Randolph County, West Virginia appointed the Plaintiff, Jeffrey L. Stanton, as Administrator of the Estate of Spencer Lee Crumbley (hereinafter "Estate") on October 3, 2019. See **Exhibit A** [ECF No. 78-1], Letter of Administration and Death Certificate, presented during the proceeding of August 4, 2023.

3. Plaintiff retained the law firms of Bailey & Glasser, LLP and James F. Humphreys & Associates (hereinafter "Firms") for the purposes of investigating and prosecuting claims on behalf of the Estate arising out of the death of Spencer Lee Crumbley.

4. Plaintiff filed the instant civil action against the Defendant on December 13, 2019, for the wrongful death of Spencer Lee Crumbley.

5. Jeffrey L. Stanton is the Administrator of the Estate within the meaning of W. Va. Code § 55-7-6(a) and has the sole and exclusive right to settle this action against Defendant.

6. Spencer Lee Crumbley was survived by the following persons who are potential distributees pursuant to *West Virginia Code § 55-7-6(b)*:

    a. Jeffrey L. Stanton, Son

    b. Ashley Vasquez, Daughter

---

[1] See full details included in the factual background in the Petition of Jeffery L. Stanton, Administrator of the Estate of Spencer Lee Crumbley, to Approve Settlement of Wrongful Death Claim filed on April 17, 2023.

7. Mr. Stanton, by and through his lawyers, served notice of the settlement hearing upon all known, potential wrongful death settlement beneficiaries by certified mail return receipt requested, including the following persons:

   a. Jeffrey L. Stanton, P.O. Box 211, Valley Head, WV 26254

   b. Ashley Vasquez, 551 Fielding Circle, Riverdale, GA 30274

See **Exhibit B** presented during the proceeding of August 4, 2023. [ECF No. 78-2].

8. Additionally, notice of the hearing was published in the Inter-Mountain Newspaper. The notice in the newspaper ran on three different occasions. See affidavit of publication, presented as **Exhibit C** during the proceeding of August 4, 2023. [ECF No. 78-3].

9. In an effort to resolve this action, Plaintiff and Defendant engaged in settlement negotiations and agreed to a settlement wherein Defendant will pay the sum of Ninety Thousand Dollars ($90,000.00).

10. Plaintiff believes the proposed settlement is fair, reasonable, and just. Further, Plaintiff believes the settlement was offered in good faith, was negotiated at arm's length by the parties and their counsel at mediation and serves the best interest of the Estate. Plaintiff respectfully submitted that the settlement should be approved by the Court.

11. The undersigned **FINDS** that Jeffrey L. Stanton, as Administrator of the Estate, has the exclusive authority to negotiate and settle all claims on behalf of the Estate pursuant to West Virginia Code § 55-7-7.

12. The undersigned further **FINDS** that the settlement represents a good faith settlement under West Virginia law and serves to extinguish any and all claims for contribution or indemnity against Defendant and all of his respective agents, servants, and employees.

13. The undersigned **FINDS** that Plaintiff retained the Firms pursuant to a forty percent (40%) contingency fee agreement, plus reimbursement of expenses. As such, the Firms are entitled to attorneys' fees in the amount of Thirty-Six Thousand Dollars ($36,000.00). Further, the undersigned **FINDS** that the Firms are entitled to reimbursement of costs and expenses of Twenty-Seven Thousand One Hundred Eight Dollars and Eighty-Four Cents ($27,108.84).

14. After payment of the attorneys' fees and expenses identified above, settlement proceeds in the amount of $26,891.16 currently remain available for distribution to those identified as statutory distributees.

15. The undersigned **FINDS** that the persons identified in Paragraph 6 of this Report and Recommendation are the only persons who are statutorily defined as potential distributees of the Estate and entitled to receive any of the settlement proceeds in this wrongful death action.

16. The undersigned **FINDS** that, pursuant to testimony on August 4, 2023 of the two persons identified in Paragraph 6 of this Report and Recommendation, there were no persons financially dependent upon the decedent at the time of his death, pursuant to West Virginia Code § 55-7-6.

17. The undersigned **FINDS** that the balance remaining after payment of attorney's fees and costs shall be distributed to the heirs of the Estate as follows:

>     Jeffrey L. Stanton         $13,445.58 of net proceeds
>
>     Ashley Vasquez             $13,445.58 of net proceeds

18. The undersigned **FINDS** that the settlement and distribution as outlined above is fair, reasonable and just, and is in the best interest of the Estate and all potential distributees.

19. The undersigned discussed on the record with counsel for the parties whether this Report and Recommendation should be sealed. Aware of no authority which compels sealing the

contents of a settlement involving a public official, such as Defendant here, the undersigned does <u>not</u> enter this Report and Recommendation under seal.

  **WHEREFORE**, the undersigned hereby respectfully **RECOMMENDS** as follows:

  1. That the compromise and settlement between Plaintiff and Defendant in the total amount of Ninety Thousand Dollars ($90,000.00) is a fair, reasonable, and just compromise and settlement. The settlement and compromise was made in good faith pursuant to W. Va. Code §55-7-7, and it serves the best interests of the Estate and all statutory distributees;

  2. That the Petition be **GRANTED**;

  3. That Jeffrey L. Stanton, Administrator of the Estate, is authorized and directed to execute a release and other documents necessary to forever release and discharge Defendant and his insurers, agents, servants, and employees, from all liability, claims, liens, actions, causes of action, damages or demands of any kind arising out of the death of Spencer Lee Crumbley;

  4. That Plaintiff may receive the agreed upon settlement proceeds for the matters in controversy and he shall distribute the settlement proceeds as follows:

   a. Attorneys' Fees and Expenses to Bailey & Glasser, LLP and James F. Humphreys & Associates, L.C. in the amount of $63,108.84

   b. $13,445.58 of net settlement proceeds to Jeffrey L. Stanton

   c. $13,445.58 of net settlement proceeds to Ashley Vasquez

  5. That the issues in controversy relative to Spencer Lee Crumbley's death on December 17, 2017, and was caused or contributed to by the Defendant has been resolved and that those claims be **DISMISSED, WTH PREJUDICE**.

  Any party shall have fourteen (14) days (filing of objections) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections**

**identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

Respectfully submitted this 7th day of August, 2023.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE